Recording Requested By/Return To:
**JPMORGAN CHASE BANK, N.A.**
**CHASE RECORDS CENTER**
**RE: COLLATERAL TRAILING DOCUMENTS**
**PO BOX 8000**
**MONROE, LA 71203**
**(800) 848-9380**

This Instrument Prepared By:
**JPMORGAN CHASE BANK, N.A.**
**3415 VISION DRIVE**
**COLUMBUS, OHIO 43219-6009**

**Parcel Identification Number:**

[Space Above This Line For Recording Data]

# LOAN MODIFICATION AGREEMENT

**Loan Number**

Borrower ("I")[1]: **SHARON T MYRICK AKA SHARON MYRICK**
Lender ("Lender"): **JPMORGAN CHASE BANK, N.A.** whose address is **CHASE, 780 KANSAS, FLOOR 2, MONROE, LOUISIANA 71203-4774**
Date of First Lien Security Instrument ("Mortgage") and Note ("Note"): **MAY 09, 1997**
Loan Number
Property Address: **428 BROWN ST, PHILADELPHIA, PENNSYLVANIA 19123** ("Property")
**Modification Effective Date: SEPTEMBER 01, 2017**
**Original Mortgage Amount: $129,141.00**

**LEGAL DESCRIPTION:**
**THE LAND REFERRED TO IS SITUATED IN THE COUNTY OF PHILADELPHIA, CITY OF PHILADELPHIA AND STATE OF PENNSYLVANIA, DESCRIBED AS FOLLOWS: ALL THAT CERTAIN LOT OR PIECE OF GROUND, SITUATE IN THE 5TH WARD OF THE CITY OF PHILADELPHIA, AS FOLLOWS TO WIT: BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF BROWN STREET (50 FEET WIDE) SAID POINT IS LOCATED 255.262 FEET WESTWARDLY FROM THE WESTERLY SIDE OF 4TH STREET (50 FEET WIDE). CONTAINING IN FRONT OR BREADTH ON THE SOUTHERLY SIDE OF SAID BROWN STREET 16.000 FEET AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH BETWEEN PARALLEL LINES AT RIGHT ANGLES THEREWITH SOUTHWARDLY 150.000 FEET TO THE NORTHERLY SIDE OF OLIVE STREET (30 FEET WIDE AT THIS POINT). PARCEL ID: 056152265**

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

**Loan Number** [REDACTED]

**REFERENCE NUMBERS OF DOCUMENTS MODIFIED:**
**RECORDED JANUARY 26, 1998 BOOK M 1027 PAGE 295 INSTRUMENT NO. 001239**

**Tax Parcel** [REDACTED]

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement. This Agreement will not take effect unless and until the Lender signs it.

1. **My Representations.**
I represent to the Lender and agree:
   A. I am experiencing a financial hardship, and as a result, am either in default under the Loan Documents or a default is imminent.

   B. The Property is neither in a state of disrepair, nor condemned.

   C. There has been no change in the ownership of the Property since I signed the Loan Documents.

   D. I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

   E. I have provided documentation for **all** income that I earn.

   F. All documents and information I provide pursuant to this Agreement are true and correct.

2. **The Modification.**
The Loan Documents are hereby modified as of **SEPTEMBER 01, 2017** ("Modification Effective Date"), and all unpaid late charges are waived. The Loan Documents will be modified, and the first modified payment wi l be due on the date set forth in this Section 2:

   A. The Maturity Date will be: **AUGUST 01, 2057**.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts toward taxes, insurance, or other assessments. The new principal balance of my Note is **$319,637.46** ("New Principal Balance").

   C. The Interest Bearing Principal Balance will re-amortize over **480** months.

**Loan Number**

Interest will begin to accrue as of **AUGUST 01, 2017**. The first new monthly payment on the New Principal Balance will be due on **SEPTEMBER 01, 2017**, and monthly on the same date thereafter.

My payment schedule for the modified Loan is as follows:

The monthly payment amount will follow the schedule below with respect to the New Principal Balance.

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal & Interest Payment Amount | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|
| 1-5 | 2.000% | 08/01/2017 | $967.94 | 09/01/2017 | 60 |
| 6 | 3.000% | 08/01/2022 | $1,124.53 | 09/01/2022 | 12 |
| 7-40 | 4.000% | 08/01/2023 | $1,289.81 | 09/01/2023 | 408 |

The Lender will notify me of the payment amount prior to the date that the monthly payment on the Interest Bearing Principal Balance will change.

The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including, but not limited to, provisions for an adjustable or step interest rate.

D. Any amounts still due under the Loan Documents, will be paid by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire New Principal Balance, or the Maturity Date.

E. I will be in default if (i) the monthly payments are not made in full on the date they are due, or (ii) I do not comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the New Principal Balance will be the rate set forth in Section 2.C.

3. **Additional Agreements**. I agree to the following:

A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

B. To comply, except to the extent that they are modified by this Agreement, or by the U.S. Bankruptcy Code, with all covenants, agreements, and requirements of the Loan Documents,

**Loan Number** [redacted]

including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms.

D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, or by the U.S. Bankruptcy Code, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which all sums secured by the Mortgage will come due. If payment of these sums is not made prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G. If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I. That, if the Borrower is in bankruptcy upon execution of this document, the Borrower will cooperate fully with the Lender in obtaining any required bankruptcy court and trustee approvals in accordance with local court rules and procedures. The Borrower understands that if such approvals are not received, then the terms of this Agreement will be null and void. If

**Loan Number**

this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect, and such terms shall not be modified by this Agreement.

J. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

K. That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

L. I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

(SIGNATURES CONTINUE ON FOLLOWING PAGES)





**Loan Number** [REDACTED]

**TO BE SIGNED BY BORROWER ONLY**

**BORROWER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And SHARON T MYRICK AKA SHARON MYRICK, LOAN NUMBER [REDACTED] WITH A MODIFICATION EFFECTIVE DATE OF September 01, 2017

In Witness Whereof, the Borrower(s) have executed this agreement.

[Signature] AKA [Signature] Execution Date: 08/25/2017

Borrower - **SHARON T MYRICK AKA SHARON MYRICK**
**(Must Be Signed Exactly as Printed)**

State of **PENNSYLVANIA**
County of Philadelphia
**Enter County Here**

On this, the 25 day of August, 2017, before me, the undersigned officer, personally appeared **SHARON T MYRICK AKA SHARON MYRICK**, known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged that he/she/they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seals.

Place Seal Below

Commonwealth of Pennsylvania
Notarial Seal
JOSEPH V RANIERI – Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires Jun 5, 2021

[Signature]
Notary Signature

Joseph Ranieri
Notary Printed Name

Title of Officer: Notary Public

My Commission Expires: 6/5/21

**Loan Number** [redacted]

**TO BE SIGNED BY LENDER ONLY**

**LENDER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And SHARON T MYRICK AKA SHARON MYRICK, LOAN NUMBER [redacted] WITH A MODIFICATION EFFECTIVE DATE OF September 01, 2017

In Witness Whereof, the Lender has executed this Agreement.

Lender

**JPMORGAN CHASE BANK, N.A.**

By: [signature]

Printed Name:

Tomasa Witkowski
Vice President

Execution Date: 9-5-2017

**Loan Number** [redacted]

State of MICHIGAN
County of OAKLAND

Acknowledged by Tomasa Witkowski, Vice President of JPMORGAN CHASE BANK, N.A., a national banking association before me on the 5th day of Sept, 2017

Signature Meghan Showers

Printed name Meghan Showers

Notary public, State of MICHIGAN County of OAKLAND

My commission expires APR 1 2 2024

Acting in the County of OAKLAND

MEGHAN SHOWERS
Notary Public, State Of Michigan
County of Oakland
My Commission Expires Apr. 12, 2024
Acting in the County of Oakland